Bv the Court.
There is no error in this record. Neither the instruction refused, nor the one given, refers in terms or by implication to a railroad constructed within .or upon a public street, highway, or other public ground. The statute of March 25, 1859 (S. & C. 331), and the amendments thereto, require railroad companies to construct and maintain fences on both sides of their railroads. Aud while these statutes must be construed in the light of other statutes providing against the obstruction of streets and highways, etc., the latter do not l-elieve railroad companies from the duty of constructing and maintaining fences on both sides of their roads within the limits of cities and villages, where such fences do not obstruct public grounds.
It is true that one witness on the trial below testified that the place where the animal was killed was “ about the pub- *59 lie place in the town—in the heart of the town.” We understand this language as locating the occurrence near the business part of the town, but not upon the public street. It is not anywhere in the record alleged to have taken place upon a street or highway, nor is it so claimed by counsel in argument. Assuming, therefore, that the plaintiffs horse was killed upon the track of defendant’s road at a point within the limits of the town, but also within the-limits of private property, the charge of the court, when applied to the case before it, was not erroneous.

Motion overruled.